[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
On December 7, 1999, the petitioner pleaded guilty to burglary in the first degree, Connecticut General Statutes § 53a-101 (a)(2), and sexual assault in the first degree, § 53a-70a. On February 15, 2000 he was sentenced, in accordance with a plea agreement, to a total effective sentence of thirty years, execution suspended after fifteen years and fifteen years probation. As part of the plea agreement several other charges pending against the petitioner were nolled. The petitioner was represented by Attorney Bruce Sturman.
The petition is based on various claims which revolve about alleged affirmative defenses of mental disease or defect and extreme emotional disturbance. It is claimed that Mr. Sturman did not adequately investigate these claims, that he failed to advise the petitioner that he could assert these claims, that he failed to assert these claims on behalf of the petitioner, that these claims would have been beneficial if asserted, and that his failure to explain and assert these claims made the pleas of guilty involuntary, unknowing and unintelligent.
 In Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the United States Supreme Court enunciated the two requirements that must be met before a petitioner is entitled to reversal of a conviction due to ineffective assistance of counsel. "First, the [petitioner] must show that counsel's performance was deficient. . . . Second, the [petitioner] must show that the deficient performance prejudiced the defense. . . . Unless a [petitioner] makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversarial process that renders the result unreliable." (Internal quotation marks omitted). Guadalupe v. Commissioner of Correction, 68 Conn. 913, 796 A.2d 557 (2002).
CT Page 11595
 "The first component, generally referred to as the performance prong, requires that the petitioner show that counsel's representation fell below an objective standard or reasonableness. . . . In Strickland, the United States Supreme court held that [j]udicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a [petitioner] to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable. . . . A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the [petitioner] must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. . . . [C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." (Citation omitted; internal quotation marks omitted.) Henry v. Commissioner of Correction, 60 Conn. App. 313, 317-18, 759 A.2d 118 (2000).
 When the ineffective assistance of counsel claim arises from the plea negotiation process, the prejudice requirement is satisfied if the petitioner proves that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." (Internal quotation marks omitted.) Daniel v. Commissioner of Correction, 57 Conn. App. 651, 665, 751 A.2d 398, cert. denied, 254 Conn. 918, 759 A.2d 1024
(2000).
Michael Braham v. Commissioner of Correction, 72 Conn. App. 1, 5-7
(App. Ct. 2002). CT Page 11596
This court conducted an evidentiary hearing on the petition on July 10, 2002, at which the petitioner and Mr. Sturman testified. Also offered in evidence were the transcripts of the plea proceedings on December 7, 1999, the sentencing on February 15, 2000, the presentence investigation report, the reports of Doctors Stoll and Zeman, the information and arrest warrant application, and the New London Police Department report.
The evidence shows that Mr. Sturman was aware of his client's background and the possibility of a claim of mental disease or defect. He had the petitioner examined by two highly qualified experts and after receiving their reports, concluded that the evidence was not sufficient to support a claim of mental disease or defect. The petitioner was kept fully advised of the merits of a defense of mental disease or defect as well as all other aspects of the case during the pendency of the case.
It was Mr. Sturman's opinion that the reports of Doctors Zeman and Stoll could best be used in mitigation of sentence in his discussions with the state's attorney and in argument to the court with respect to sentencing. He also was aware that extreme emotional disturbance was not a defense to any of the charges which were pending against the petitioner. It is quite clear from the exhibits that the unfortunate upbringing of the petitioner, and his mental condition as reflected by the reports of Doctors Stoll and Zeman, was a substantial factor in the agreed recommendation by the state and the sentence imposed by the court.
The court finds that Mr. Sturman is an experienced criminal defense attorney and accepts his testimony as credible and factually correct. His decision on how to handle the evidence concerning the petitioner's mental state was sound trial strategy, giving due consideration to the strength of the state's case, the number of criminal charges pending against the petitioner which were not prosecuted, that the petitioner was exposed to sentences far in excess of the agreed recommendation, and the egregious nature of the crimes to which he pleaded.
The court finds that the petitioner has failed to prove the allegations contained in paragraphs eleven through twenty of his amended complaint. The petitioner has failed to prove that Mr. Sturman's representation of him was deficient either in any of the ways alleged in the amended petition or in any other way. It is also found that the petitioner has failed to prove actual prejudice as a result of Mr. Sturman's representation.
The petition is dismissed. CT Page 11597
By the Court,
 William L. Hadden, Jr. Judge Trial Referee
CT Page 11598